OPINION *Page 2 
{¶ 1} On August 18, 2006, appellee, Margo Owens, was granted a civil protection order pursuant to a consent agreement against her husband, appellant, Roger Owens, in response to a domestic violence incident between the parties. The order expired on August 17, 2007. On said date, appellee filed a motion to extend the civil protection order. A hearing before a magistrate was held on December 27, 2007. By decision filed January 17, 2008, the magistrate granted a new order for four years. Appellant filed objections. By judgment entry filed March 13, 2008, the trial court denied the objections and adopted and approved the magistrate's decision.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION BY OVERULING (SIC) THE RESPONDENT-APPELLANT'S OBJECTION TO THE MAGISTRATE'S DECIDION (SIC) FILED ON JANUARY 17, 2008. THUS ALLOWING THE RENEWEL (SIC) OF A CIVIL PROTECTION ORDER AGAINST THE RESPONDENT-APPELLANT."
 I {¶ 4} Appellant claims the trial court erred in renewing the civil protection order against him as the decision was against the manifest weight of the evidence. We disagree.
 {¶ 5} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. *Page 3 Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson,66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 6} Appellant claims the trial court misinterpreted the decision inLain v. Ververis (October 18, 1999), Preble App. No. CA99-02-003, and the evidence does not support "present threats of future violence." Appellant argues the fact that the trial court permitted him visitation with his child evidences a lack of "present threat."
 {¶ 7} The magistrate's order filed January 17, 2008, approved and adopted by the trial court, states the following:
 {¶ 8} "As an exception to this order, Respondent shall be permitted tobe within five hundred feet of Petitioner when he is at any public eventor public activity involving the child, whether or not he hascourt-ordered parenting time rights with the child at that particulartime. At public activities or public events for the child that occurduring the mother's parenting time period, he shall be no closer than adistance of 50 feet from Petitioner if she is present. This exceptiondoes not entitle him to be at any private activity designed forPetitioner and the child during Petitioner's parenting time with thechild. Respondent shall be entitled to remain with his child duringthose times (whether at public or private events or activities) in whichhe is legally entitled to be with her under any order of parenting timepursuant to a divorce temporary order or final order, but he shallexercise due diligence to remain 50 feet away from Petitioner, ifpossible, during those times if Petitioner is present. He shall complywith all other terms of this order during such times." *Page 4 
 {¶ 9} After the issuance of the original protection order, appellant repeatedly appeared unannounced at the child's preschool where appellee is employed. T. at 8. Appellant would show up where appellee was, and would go up and down her street. T. at 9.
 {¶ 10} In June of 2007, appellant was returning the child from visitation when he approached appellee and established a conversation with her that resulted in him taunting appellee to call the police. T. at 10. Although barred by the original protection order from communicating with appellee, appellant sent her numerous threatening letters. T. at 11-13. Appellee is fearful of the letters continuing and of appellant approaching her in public places given the incidents of physical violence in the past. T. at 14. Appellee described appellant's actions as stalking i.e., constantly following her, harassing her at her job, and leaving notes on her door and vehicle. T. at 19. The nature of the notes was viewed as threatening to appellee. Id.
 {¶ 11} We find the actions described by appellee are tantamount to threats within the meaning of the case law. The physical intimidation, as well as the stalking-like actions, is sufficient to support the renewal of the civil protection order sub judice.
 {¶ 12} The sole assignment of error is denied. *Page 5 
 {¶ 13} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 By Farmer, J. Hoffman, P.J. and Edwards, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1